**In re Jesse Francis BOLTON, Debtor.**

**Bankruptcy No. 87–03409–W–13.**

United States Bankruptcy Court,
W.D. Missouri.

Oct. 27, 1987.

Thomas T. Wood, Independence, Mo., for debtor.

Rick Fink, Chapter 13 Trustee.

Larry C. Larson, Kansas City, Mo., for Clayco State Bank.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

This opinion is written to correct a misapprehension as to the present status of the law in the Western District of Missouri. In 1982, the Honorable Joel Pelofsky issued his order in the case of *In re Taylor*, 21 B.R. 179 (Bkrtcy.W.D.Mo.1982). In that order he held that the holder of a deed of trust who had foreclosed prior to the filing of a Chapter 13 petition was barred from any action in regard to the foreclosed real estate and that the right of redemption was property of the estate in a Chapter 13 case. That order was appealed to the District Court for the Western District of Missouri and later reversed. However, the District Court opinion was never published, leaving counsel who were not familiar with the ultimate outcome of the case suffering from the misapprehension that *In re Taylor*, Ibid., as reported, was the operative law in this District.

In light of that background, the instant case arose. The debtor filed his Chapter 13 petition on August 6, 1987, at approximately 12:00 Noon. The creditor, Clayco State Bank, had cried its foreclosure sale of the debtor's residence on August 6, 1987, at 9:00 A.M. Creditor was the successful bidder at the sale it cried, and recorded the Trustee's Deed on August 6, 1987, at 9:37 A.M. The value of the residence is estimated by the debtor at $35,000.00. The amount bid by the creditor at the foreclosure was $11,800.00, same being the debt, interest and cost accrued on the creditor's note. The note was originally executed (as was the deed of trust) on June 28, 1985, by Jesse F. Bolton and Patricia D. Bolton, husband and wife, and delivered to the Clayco State Bank. Thereafter, the marital relation between Jesse F. Bolton and Patricia D. Bolton was dissolved by the Circuit Court of Jackson County, Missouri. The debtor herein was awarded the residence, subject to the aforesaid note and deed of trust, default occurred, and the race between the debtor to the Bankruptcy Court and the creditor to foreclosure was on. Fortunately or unfortunately, depending on the perspective of the viewer, the creditor proved to be more fleet of foot than the debtor. Thus, the above chronology and this proceeding to determine the respective rights of the debtor and the creditor to the real property.

The law of Missouri encompasses both mortgages and/or deeds of trust to guarantee payment of obligations secured by real property collateral. If a mortgage is used, then foreclosure must be by judicial action. However, if a deed of trust is used, foreclosure may be had through Trustee's sale on the Court House steps after only 21 days of publication of a notice thereof in any newspaper of general circulation. Mo. R.S. Section 443.310, (Laws of 1885, p. 209) and Mo.R.S. Section 443.320, (Laws of 1885, p. 209). In addition, a 20 day notice by certified or registered mail must be sent to the grantor of the deed of trust and certain other specified parties. Mo.R.S. Section 443.325 (Laws of 1973, p. 469 as amended by Laws of 1975, p. 392). Just as foreclosure is facilitated by such statutory provisions, statutory provisions have created only limited redemption rights after foreclosure. The redemption period is one year, but to avail himself of the benefit thereof, the owner must serve a notice on the Trustee at the sale or within ten days preceding the sale setting out his intent to redeem. Mo.R.S. Section 443.420, (R.S. 1939, Section 3451). Then if, and only if, the note holder is the successful bidder at the sale, the owner must within 20 days file with the Clerk of the Circuit Court of the county in which the real estate is located, a bond and a motion or application for approval of the proposed bond, same to be approved by the Court and delivered to the purchaser or to the Trustee after approval. Mo.R.S. Section 443.430 (R.S.1939, Section 3451). If the note holder is not the successful bidder, or the notice is not given, or the bond and paperwork is not filed within the 20 days, an owner possesses no redemption rights of any type.

Since debtor in this case entrusted all his hopes in the bankruptcy basket, he did not serve a notice of redemption on the Trustee at the sale or within the ten days preceding same. Therefore, as the Trustee said "SOLD TO THE CLAYCO STATE BANK FOR $11,800.06" at 9:01 A.M. (or soon thereafter), on August 6, 1987, any right of redemption that the debtor might have otherwise possessed was lost forever. It then follows that at 12:00 Noon on August 6, 1987, when debtor's petition was filed in this Court, debtor owned neither the real estate nor any right of redemption, and it almost follows without comment that the real estate is not property of the estate and that the automatic stay does not prohibit the Clayco Bank from disposal of the property. This result is dictated by the opinion of The Honorable Scott O. Wright, Chief Judge of the United States District Court, Western District of Missouri, issued on October 13, 1982, in which he reversed the previously cited and published opinion by The Honorable Joel Pelofsky. See *In the Matter of Taylor,* 79 B.R. 434. Nor is Judge Wright alone in such a ruling. Bountiful Missouri law supports his decision[1]. In addition, the Third Circuit Court of Appeals has just issued its opinion in the case of *In the Matter of Roach,* 824 F.2d 1370 (3rd Cir.1987). That opinion holds precisely as Judge Wright held, i.e., that foreclosure prior to filing of a Chapter 13 resulted in the real property not becoming property of the estate and that the provisions of Section 1322(b) of 11 U.S.C. do not override state law that restricts debtors to a limited right of redemption.

Based on the law of the State of Missouri, the decision of Judge Wright, and the decision of the Third Circuit Court so recently enunciated, this Court easily concludes that it should sustain the objections of the Clayco State Bank and refuse confirmation of debtor's plan. Nor does this Court wish to create any impression that it is reluctant to so rule. While it is the obligation of this Court to protect the rights of debtors filing petitions for relief or reorganization, it is equally the obligation of this Court to protect the rights of the creditors of those same debtors. The laws of the several states and the courts of the several states provide the operative rules and the arena in which the differences between parties are normally resolved. The institution of bankruptcy provides a different set of operative rules and a different arena. However, the basic purpose is still the same. Within that new arena and operating under the new rules, the parties are to resolve their differences in the manner Congress has set forth. The end result is supposed to be a fair and equitable resolution of the differences between debtors and creditors and the Court is bound to apply the new rules to achieve such a result to the best of its ability.

Granted in this case if the residence is worth $35,000.00 and the creditor bid only $11,800.00, it may seem harsh that because of three hours difference between filing and foreclosure that the debtor loses all of his equity and may well not be able to propose a rehabilitative plan. However, that only bears out the old childhood refrain that begins:

For want of a nail,

and ends:

A kingdom was lost.

On a happier note, many astute readers of this writing will have already opined that since the Western District of Missouri is an integral part of the Eighth Circuit and since the Eighth Circuit Court of Appeals is the promulgator of *In re Hulm,* 738 F.2d 323 (8th Cir.) *cert. denied,* 469 U.S. 990, 105 S.Ct. 398, 83 L.Ed.2d 331 (1984), *on remand,* 45 B.R. 523 (Bkrtcy.D.N.D.1984), that 11 U.S.C. Section 548 brings to mind another childhood aphorism, to-wit: "that there are more ways of killing a cat than choking it with cream".

The objections of the Clayco State Bank are SUSTAINED and the plan of debtor is DENIED confirmation. Debtor is granted

---

**1.** *Green v. Spitzer,* 343 Mo. 751, 123 S.W.2d 56 [57], 60 (1983 [1938]); *Plumb v. Studebaker* [89 Mo. 162], 1 S.W. 217, 219 (Mo.1886); *Hill v.* *Ballard,* 178 S.W.2d 445, 446 (Mo.1915); *S.S. Kresge Co. v. Shankman,* 240 Mo.App. 639, 212 S.W.2d 794, 801 (1948).

thirty (30) days to file an Amended Plan, convert to Chapter 7, or take such further action as debtor deems appropriate.