### In re OLIVE STREET INVESTMENTS, INC.

### No. 89–1582C(1).

United States District Court,
E.D. Missouri, E.D.

Oct. 10, 1989.

Richard Wunderlich, Lewis & Rice, St. Louis, Mo., for Olive Street Investments, Inc.

Steven Cousins, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, Mo., for Howard Sav. Bank.

## MEMORANDUM

NANGLE, Chief Judge.

Debtor Olive Street Investments, Inc., filed this appeal from the bankruptcy court's order granting Howard Saving Bank's ("Howard") motion for relief from the automatic stay.

Howard held a promissory note for $26,-500,000 executed by debtor, which was secured by a deed of trust and security agreement. A parcel of debtor's real property, known as the Syndicate Trust Building, was placed as collateral for the note. In the spring of 1988 debtor defaulted on its note. After a series of unsuccessful refinancing agreements and numerous aborted foreclosure sales, Howard commenced foreclosure proceedings and a foreclosure sale was scheduled on July 25, 1989, at 12:00 p.m.

On July 25, 1989, approximately one hour before Howard's scheduled foreclosure sale of the Syndicate Trust Building, debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. At 11:20 a.m. on that date, Howard filed its motion for relief from or modification of the automatic stay or dismissal[1] and a motion for an expedited hearing regarding same. The case was assigned to the Honorable James J. Barta, United States Bankruptcy Judge, who was at the time in Washington, D.C. Judge Barta agreed to hear the parties' motions via telephone. The hearing commenced on July 25, 1989, at approximately 11:30 a.m. Because of the expedited nature of the request, Judge Barta found it impossible to obtain transcription or recording equipment for the hearing. Judge Barta's written findings reflect, however, and the parties

---

**1.** Howard's motion also sought to prohibit the use of cash collateral, to sequester rents, to provide notice pursuant to 11 U.S.C. § 546(b) and to excuse custodian's compliance with 11 U.S.C. § 543(b)(1).

do not dispute, that counsel for both Howard and debtor attended the hearing. Witnesses for Howard and debtor's 100% shareholder, Mr. Allan Pullman, also offered testimony at the hearing. The hearing ended at approximately 1:40 p.m., and Judge Barta issued his findings and conclusions and orders that same day.

Judge Barta found that the fair market value of the Syndicate Trust Building was significantly less than the amount owed by the debtor secured by liens against the property. The bankruptcy court also found that the debtor enjoyed no equity in the property in question and that the property was not necessary for an effective reorganization. Judge Barta further found that debtor suggested no financing arrangement that would satisfy the obligations secured by liens against the property and that the financing arrangements that debtor did propose would not adequately protect Howard's interest. Thus, Judge Barta terminated the automatic stay retroactive to 11:30 a.m. as of the date of the hearing.

Howard completed the scheduled foreclosure sale and Howard ultimately purchased the Syndicate Trust Building property for a bid of $15 million.[2] On July 28, 1989, debtor moved to stay any sale of the property by Howard to a third party pending appeal, and filed its notice of appeal. The bankruptcy court denied debtor's motion to stay on July 31, 1989. Howard filed its motion to dismiss debtor's appeal on August 18, 1989. On August 22, 1989, the bankruptcy court transmitted the existing record of this action to this Court.

This matter is now before the Court on debtor's motion for stay of sale of property pending appeal and Howard's motion to dismiss debtor's appeal. The Court will deny debtor's motion to stay because, for the reasons discussed below, debtor's appeal will be dismissed.

**2.** Howard exchanged its secured claim for the property.

**3.** Section 363(m) of Title 11 of the United States Code provides:
(m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does

Debtor raises various due process arguments with respect to the adequacy of the hearing before Judge Barta. Howard argues that this appeal should be dismissed because the record is insufficient to designate on appeal and because the appeal has been moot since the foreclosure sale. This memorandum will only address Howard's mootness argument, because the Court finds that it is dispositive of this appeal.

Prior to their amendment in 1983, the bankruptcy rules provided in Rule 805:

Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal whether or not the purchaser ... knows of the pendency of the appeal.

11 U.S.C. Bankruptcy Rule 805 (superceded in 1983). Under Rule 805, if a debtor failed to obtain a stay pending appeal and a creditor sold the debtor's property to a good faith purchaser, any appeal by the debtor became moot and the appeal was dismissed. When the bankruptcy rules were amended in 1983, however, Rule 805 was succeeded by a more narrow codification of this "mootness rule" in 11 U.S.C. § 363(m). Section 363(m) applies the mootness rule only to sales by bankruptcy trustees.[3] Nonetheless, courts still extend the mootness rule to sales other than those conducted by bankruptcy trustees, although they do not rely upon § 363(m) for authority. *See, e.g., In re Onouli–Kona Land Co.,* 846 F.2d 1170 (9th Cir.1988); *In re Sewanee Land, Coal & Cattle, Inc. v. Lamb,* 735 F.2d 1294 (11th Cir.1984). The reason for the judiciary's adherence to a mootness rule that encompasses conveyances by parties other than a trustee is that when Rule 805 was amended to the form quoted above, the courts already recognized the mootness rule in that form. Thus, former Rule 805 simply codified existing case law.

not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

See In re Sewanee Land, 735 F.2d at 1296; Country Fairways, Inc. v. Mottaz, 539 F.2d 637, 641 (7th Cir.1976); In re Abingdon Realty Corp., 530 F.2d 588, 590 (4th Cir.1976). Courts have concluded that the omission of more general language from § 363(m) does not indicate that Congress intended to place conveyances by everyone other than trustees outside the "general rule of mootness." Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1424 (9th Cir.1985). See also In re Sewanee Land, 735 F.2d at 1296.

For the mootness rule to become effective, the purchaser must have acted in "good faith". See In re Onouli–Kona Land Co., 846 F.2d at 1173. A breach of good faith in this context requires, however, some sort of fraud, collusion or a gross attempt to obtain an unfair advantage. In re Bel Air Associates, Ltd., 706 F.2d 301, 305 (10th Cir.1983). In the case at bar, debtor suggests no fact that would indicate that Howard did not act in good faith. Nor does debtor suggest that Howard's exchange of its secured claim for the property does not qualify as a "purchase". Rather, debtor argues that this Court should follow a narrow exception to the mootness rule that the Ninth Circuit developed in a line of cases culminating in In re Onouli–Kona Land Co., 846 F.2d 1170 (9th Cir.1988). This exception allows a debtor who fails to obtain a stay pending appeal relief from the mootness rule "when property is sold to a creditor who is a party to the appeal, but only when the sale is subject to statutory rights of redemption." Id. at 1173. The Ninth Circuit justifies the exception by noting that the mootness rule arises from a need for finality of sales in bankruptcy. Id. at 1172–1173. The Court then notes that when a sale is subject to rights of redemption, "the sale is not truly final." Id. at 1173. Thus, the Ninth Circuit concludes, allowing an exception when a sale is subject to statutory rights of redemption does not frustrate the goal of finality in bankruptcy sales, and, therefore,

does not conflict with the rationale underlying the mootness rule.

The Ninth Circuit approach is not followed in every circuit. The Eleventh Circuit does not recognize such an exception to the mootness rule, even when the purchaser of the property in question is a creditor who is party to the appeal. See In re Sewanee Land, 735 F.2d at 1296. With respect to the law in the Eighth Circuit, this Court finds no authority which would suggest that the Eighth Circuit favors either the Ninth Circuit's approach or the Eleventh Circuit's approach. This Court need not decide however, whether to adopt the Ninth Circuit's exception to the mootness rule, because even if the Court took the Ninth Circuit's approach, the facts of the case at bar would not fall within the exception.

The Ninth Circuit exception only comes into play when a sale is subject to statutory rights of redemption. Such a statutory right is provided under Missouri law in Mo.Rev.Stat. § 443.410 (1986).[4] Under this provision, however, anyone wishing to redeem property must give written notice "at the sale or within ten days before the sale" to the person making the sale. Mo. Rev.Stat. § 443.410 (emphasis added). If notice is not provided in such a manner, the owner possesses "no redemption rights of any type." In re Bolton, 79 B.R. 436, 437 (W.D.Mo.1987).

In the case at bar, debtor does not suggest, and the limited record does not reflect, that debtor provided notice pursuant to § 443.410. In addition, Howard repeatedly represents that debtor provided no such notice. As such, debtor has no redemption rights in the Syndicate Trust Building property and the Ninth Circuit exception to the mootness rule does not apply to this action. Therefore, debtor's appeal is moot.

Accordingly, and for the foregoing reasons, Howard's motion to dismiss the appeal will be granted and debtor's motion

---

**4.** Section 443.410 governs the right to redemption *after* a foreclosure sale. Mo.Rev.Stat. § 443.400 provides a right of redemption *prior* to sale, but this provision is clearly inapplicable to the case at bar.

for a stay pending appeal will be denied as moot.