PER CURIAM.
 

 In this appeal, Olive Street Investment, Inc. (OSI) challenges the district court’s order dismissing its appeal from a bankruptcy court order. The bankruptcy court order lifted the automatic stay in OSI’s Chapter 11 bankruptcy proceedings. 11 U.S.C. § 362. The district court concluded that OSI’s appeal from this order was moot because OSI failed to obtain a stay of the order pending appeal, and, consequently, Howard Savings Bank foreclosed on its collateral. 106 B.R. 183. We dismiss this appeal as moot.
 

 In July 1989, OSI’s primary asset was the Syndicate Trust Building. OSI had pledged this building as collateral for a $26,500,000 note held by Howard Savings Bank. OSI was in default on this note, and Howard intended to foreclose on the building on July 25, 1989. One hour before the scheduled foreclosure sale, OSI filed a petition for bankruptcy relief, thereby automatically staying all actions against the debtor’s property. Howard had anticipated this move by OSI and immediately filed a motion for relief from the automatic stay. Less than twenty minutes later, the bankruptcy court agreed to hold an expedited hearing, and the parties were telephonically connected. The approximately two-hour hearing focused on whether Howard was adequately protected, whether OSI had equity in the building, and whether the building was necessary for an effective reorganization. The bankruptcy judge resolved each of these issues against OSI, and granted Howard relief from the automatic stay. Howard then held its foreclosure sale, at which it bought the building for $15,000,000.
 

 Three days later, on July 28, 1989, OSI filed a notice of appeal from the bankruptcy court’s order lifting the stay. Howard then filed a motion to dismiss the appeal as moot because OSI had failed to obtain a stay of the bankruptcy court’s order and the foreclosure sale had occurred. On October 10, 1989, the district court granted Howard’s motion to dismiss the appeal. OSI now appeals the district court’s decision.
 

 OSI argues that its failure to obtain a stay of the bankruptcy court’s order did not make its appeal to the district court moot because the order lifting the automatic stay was issued in violation of its due process rights. OSI claims that its due process rights were violated because it did not receive sufficient notice of the telephonic hearing. We need not address this argument because we conclude that this appeal is moot.
 

 While OSI’s appeal to this court was pending, the bankruptcy court issued an order dismissing OSI’s bankruptcy case pursuant to 11 U.S.C. § 1112(b)(1) (1988). OSI appealed this order to the district court, which affirmed the dismissal on February 10, 1992.
 
 Olive St. Inv., Inc. v. Howard Sav. Bank (In re Olive St. Inv., Inc.),
 
 No. 90-1869CD, 1992 WL 219023 (E.D.Mo. Feb. 10, 1992). OSI chose not to pursue an appeal to this court. Accordingly, the dismissal of OSI’s bankruptcy case became final.
 

 This circuit has stated that “[d]is-missal of the underlying bankruptcy proceeding may indicate that no case or controversy remains with respect to issues directly involving the reorganization of the estate....”
 
 Dahlquist v. First Nat’l Bank (In re Dahlquist),
 
 751 F.2d 295 (8th Cir.1985);
 
 see also Spacek v. Thomen (In re Universal Farming Indus.),
 
 873 F.2d 1334, 1335 (9th Cir.1989) (“When the issue being litigated directly involves the debt- or’s reorganization, the case is mooted by the dismissal of the bankruptcy.”). We believe that the issue before-this court is directly related to OSI’s reorganization. The purpose of this appeal is to obtain a ruling that allows OSI to challenge the propriety of the bankruptcy court’s order lifting the automatic stay. In Chapter 11 bankruptcies, the automatic stay exists to give debtors the time necessary to develop a successful reorganization plan.
 
 See Shugrue v. Air Line Pilots Ass’n, Int’l (In re Ionosphere Clubs, Inc.),
 
 922 F.2d 984, 989 (2d Cir.1990),
 
 cert. denied,
 
 — U.S. -,
 
 *216
 
 112 S.Ct. 50,116 L.Ed.2d 28 (1991);
 
 Fortier v. Dona Anna Plaza Partners,
 
 747 F.2d 1324, 1330 (10th Cir.1984). Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor’s right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot.
 
 See Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.),
 
 699 F.2d 963, 964 (9th Cir.1982) (per curiam) (holding that an appeal challenging a bankruptcy court order lifting the automatic stay became moot when the underlying bankruptcy case was dismissed);
 
 cf. Omoto v. Ruggera (In re Omoto),
 
 85 B.R. 98, 100 (Bankr. 9th Cir.1988) (holding that an appeal challenging a bankruptcy court order approving a foreclosure sale became moot upon dismissal of the underlying bankruptcy case).
 

 Let an appropriate order of dismissal be entered.