BLD-292-E                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3028
_____

In re:  DONNELL PONTON, and
PERTANIAL PONTON,
Debtors


Donnell Ponton,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-04384)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
September 20, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: September 29, 2011)
_____

OPINION
_____

PER CURIAM

        In late November of 2009, Donnell and Pertanial Ponton filed for protection under

Chapter 13 (11 U.S.C. §§ 1301–30) of the United States Bankruptcy Code.[1]  Their

voluntary petition noted that the sole piece of real property owned by the couple, the

parcel located at 3714 N. 18th Street in Philadelphia, was in foreclosure proceedings.

Vericrest Financial, Inc. ("Vericrest") was listed as the relevant secured creditor.

Eventually, the Pontons and Vericrest reached an agreement that allowed, in part,

for a small grace period and a "shifting" of arrears owed on the property to the end of the

repayment period.  The Pontons would be responsible for paying the monthly mortgage

payment after the expiration of the grace period.  In the event of a default on these

payments not cured within a fifteen-day window, Vericrest reserved the right to "certify

the default to [the] Court," after which "an Order shall be entered granting Vericrest . . .

relief from the automatic stay without further notice and hearing."  The Bankruptcy Court

approved the arrangement on January 10, 2011.

Détente was to be short-lived.  In April, Vericrest (through counsel) sent the

Pontons a notice of default; in May, it filed a Certification of Default with the Bankruptcy

Court, alleging a failure by the Pontons to pay any of the monies owed under the

agreement and requesting a termination of the automatic stay.  Donnell Ponton objected

to the Certification of Default, filing a confusing document that accused Vericrest of,

inter alia, "Perjury in the Judicial Context" and sundry violations of the 14th

Amendment.  Shortly thereafter, the trustee moved to dismiss the case due to a "fail[ure]

---

[1] See generally Bankr. E.D. Pa. Civ. No. 09-19141.

to commence or continue making timely payments to the trustee as required by 11 U.S.C. [§] 1326."[2] The Bankruptcy Court held a hearing on May 26 to discuss the objections to the Certificate of Default, after which it lifted the automatic stay by order entered on May 31, 2011, allowing Vericrest "to proceed with foreclosure on the property located at 3714 North 18th Street, Philadelphia PA." Donnell Ponton filed a timely appeal to the District Court.

Activity in the Bankruptcy Court continued. After a June 23 hearing, the Bankruptcy Court dismissed the case altogether. Notably, Ponton did not appeal that decision.

Proceedings in the District Court, meanwhile, commenced and swiftly resolved: on July 22, the Court dismissed the appeal from the automatic-stay order for failure to comply with Fed. R. Bankr. Proc. 8006. Several days later, the Court ruled on Ponton's in forma pauperis motion and again dismissed the appeal for failure to comply with Rule 8006. Ponton appealed the first decision and amended his notice of appeal after the second.

Before us, Ponton moves to stay the Sheriff's sale of his home, which is scheduled for October 4, 2011. Elsewhere, he accuses Vericrest and its attorney of perjury, claims that the Bankruptcy Court abused its discretion by allowing such misconduct and perjury, and appears to charge all prior courts with failing to give him the

---

[2] See 11 U.S.C. § 1307(c)(4) (authorizing dismissal or conversion when payments under section 1326 have not been timely made).

liberal construction of pleadings and submissions afforded to pro se litigants.[3]  Ponton

also filed a motion requesting that we "facilitate prosecution" of various parties, pursuant

to a federal criminal statute.

We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291.[4]  JELD-WEN, Inc.

v. Van Brunt (In re Grossman's Inc.), 607 F.3d 114, 119 (3d Cir. 2010); Solfanelli v.

CoreStates Bank N.A., 203 F.3d 197, 200 (3d Cir. 2000).  As an initial matter, we must

address Vericrest's contention that the action is now moot.  Under its reasoning, as the

Bankruptcy Court has since dismissed the actual bankruptcy—an order from which

Ponton failed to appeal—no proceedings are "left" for the purpose of a vacation, reversal,

or remand.

We agree that the appeal is moot.  "[W]hen a notice of appeal has been filed in a

bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the

bankruptcy proceeding that are not the subject of that appeal."  Transtexas Gas Corp. v.

TransTexas Gas (In re Trantexas Gas Corp.), 303 F.3d 571, 580 n.2 (5th Cir. 2002).  And

although Vericrest cites no case law in its filing in support of its position, decisions on

point do exist; other courts have concluded that the dismissal of an underlying

bankruptcy can render moot or otherwise obviate an earlier appeal.  See, e.g., Olive St.

---

[3] See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

[4] We have held that an order lifting an automatic stay is appealable.  See In re Connors, 497 F.3d 314, 318 (3d Cir. 2007); United States v. Pelullo, 178 F.3d 196, 200 (3d Cir. 1999).

Invs. v. Howard Sav. Bank, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot."); In re Income Property Builders, Inc., 699 F.2d 963, 964 (9th Cir. 1982) (per curiam) ("Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless."). "[W]hether a case or controversy remains after the dismissal of a bankruptcy case depends on whether the issue being litigated directly involves the reorganization of the debtor's estate." In re Universal Farming Indus., 873 F.2d 1332, 1333 (9th Cir. 1989). Here, as in Olive Street Investments, it would serve no purpose for us "to determine whether the [B]ankruptcy [C]ourt properly lifted the automatic stay" now that there is no bankruptcy proceeding whatsoever in which to ground a stay. 972 F.2d at 216. Simply put, even if the Bankruptcy Court's lifting of the stay was somehow erroneous, we could not redress it now that an order of dismissal, which Ponton did not challenge, has been entered.

For the reasons given, we will dismiss Ponton's appeal as moot. His remaining motions are denied.