**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN THE MATTER OF CASTAIC PARTNERS II, LLC,

*Debtor*,

CASTAIC PARTNERS II, LLC,

*Appellant*,

v.

DACA-CASTAIC, LLC,

*Appellee.*

No. 14-55281

D.C. No.
2:13-cv-05452-SJO

IN THE MATTER OF CASTAIC PARTNERS, LLC,

*Debtor*,

CASTAIC PARTNERS, LLC,

*Appellant*,

v.

DACA-CASTAIC, LLC,

*Appellee.*

No. 14-56367

D.C. No.
2:13-cv-05997-SJO

OPINION

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted May 2, 2016
Pasadena, California

Filed May 23, 2016

Before: MILAN D. SMITH, JR., and JACQUELINE H.
NGUYEN, Circuit Judges, and CLAUDIA WILKEN,[*]
Senior District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

## SUMMARY[**]

---

### Bankruptcy

The panel dismissed bankruptcy appeals as moot under Article III.

The bankruptcy court granted a party's motion for relief from the automatic bankruptcy stay so that it could proceed with foreclosure sales. Debtors appealed to the district court,

---

[*] The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

but did not seek a stay of the bankruptcy court's order pending appeal. The foreclosures went forward. Thereafter, with debtors' consent, the bankruptcy cases were dismissed.

The panel held that debtors' appeals were constitutionally moot because there no longer was any case or controversy.

## COUNSEL

David M. Gilmore (argued) and Stephen D. Blea, Gilmore, Wood, Vinnard & Magness, Fresno, California, for Appellants.

Dean T. Kirby, Jr., (argued), Kirby & McGuinn, A P.C., San Diego, California, for Appellee.

## OPINION

M. SMITH, Circuit Judge:

Debtors-Appellants Castaic Partners, LLC, and Castaic Partners II, LLC, (collectively Castaic) appeal the district court's dismissal of this bankruptcy appeal as moot under 11 U.S.C. § 363(m). During the pendency of the appeal, the bankruptcy court dismissed the underlying bankruptcy cases as well. Castaic did not appeal those dismissals, and after 14 days, they became final. There is therefore no longer any case or controversy, and this Court has no power to grant Castaic any effective relief. We dismiss this appeal as moot under Article III of the Constitution.

## FACTS AND PRIOR PROCEEDINGS

Castaic bought certain parcels of real property located in rural Los Angeles County, California, with financing from a number of investors through a Nevada loan-servicing company. Shortly thereafter, Castaic defaulted on the loans. That gave rise to what District Judge Robert C. Jones has called a "hydra of litigation," of which this consolidated appeal represents one head. *Richard & Sheila J. McKnight 2000 Family Trust v. Barkett*, 2011 WL 3159137, at *8 (D. Nev. July 26, 2011) (describing related litigation not at issue in this appeal).

Through a complex series of transactions and bankruptcies that need not trouble us here, Creditor-Appellee DACA-Castaic (DACA) obtained a majority of the beneficial interests in the loans—and, per Judge Jones, the power to foreclose on them. *Richard & Sheila J. McKnight 2000 Family Trust v. Barkett*, 2012 WL 870503, at *6 (D. Nev. Mar. 14, 2012). Relying on Judge Jones's ruling, DACA pursued foreclosure proceedings and recorded Notices of Trustee's Sale for the properties. The sales were scheduled for July 31, 2012. On July 30, Castaic filed for bankruptcy in the Central District of California. Accordingly, the sales were halted pursuant to the automatic-stay provision of 11 U.S.C. § 362(a).

DACA moved the bankruptcy court for relief from the automatic stay so that it could proceed with the foreclosure sales. Castaic opposed the motion, arguing that DACA lacked a valid interest in the properties and therefore did not have standing to move for relief from stay or foreclose.[1] The

---

[1] Because we dismiss the appeal as moot, we do not reach this argument.

bankruptcy court disagreed and granted DACA the requested relief.

Castaic filed a notice of appeal in the district court, but did not seek a stay of the bankruptcy court's relief order pending appeal. Accordingly, DACA foreclosed on the properties and acquired them by credit bids at the foreclosure sales. Shortly thereafter, on the motion of the United States Trustee, the bankruptcy court dismissed Castaic's bankruptcy cases because the properties had been Castaic's only significant assets. Castaic consented to and did not appeal the dismissals.

## DISCUSSION

"In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory." *Clear Channel Outdoor Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008). Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III. *Id.* Equitable mootness concerns whether changes to the status quo following the order being appealed make it impractical or inequitable to "unscramble the eggs." *Id.* (quoting *Baker & Drake, Inc. v. Pub. Serv. Comm'n* (*In re Baker & Drake, Inc.*), 35 F.3d 1348, 1352 (9th Cir. 1994)). Finally, statutory mootness codifies part, but not all, of the doctrine of equitable mootness. *Id.* at 35; *see* 11 U.S.C. § 363(m); *Onouli-Kona Land Co. v. Estate of Richards* (*In re Onouli-Kona Land Co.*), 846 F.2d 1170, 1172 (9th Cir. 1988) (holding that the codification of § 363(m) did not abrogate the rest of the equitable-mootness doctrine).

This appeal is constitutionally moot.**[2]** "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 880 (9th Cir. 2012) (quotation marks omitted). If it cannot grant such relief, the matter is moot. *See id.* In a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy "with respect to issues directly involving the reorganization of the estate." *See Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 215 (8th Cir. 1992) (quotation marks omitted).

The Eighth Circuit's decision in *Olive St.* is instructive. In that case, a creditor sought to foreclose on a debtor's property pledged as collateral for a note. *Id.* The debtor petitioned for bankruptcy, triggering an automatic stay, but the creditor sought and obtained relief from the stay. *Id.* It then held a foreclosure sale and obtained the property on a credit bid. *Id.* The debtor appealed, but failed to seek a stay of the relief order. Accordingly, the district court dismissed the appeal as equitably moot. *Id.* The debtor appealed again, but while its appeal was pending, the bankruptcy court dismissed the underlying bankruptcy case pursuant to 11 U.S.C. § 1112(b)(1). *Id.* The debtor appealed *that* order to the district court, but when that court affirmed, the debtor did not pursue

---

**[2]** The district court determined that this case is statutorily moot. Statutory mootness applies only to sales or leases conducted pursuant to the authority of 11 U.S.C. §§ 363(b) or (c). § 363(m). Those subsections, in turn, concern sales by the bankruptcy trustee or debtor-in-possession. Here, foreclosure sales were conducted by trustees under the deeds of trust—not the bankruptcy trustee. Thus, statutory mootness is inapplicable in this case.

an appeal to the Court of Appeals. *Id.* Therefore, the dismissal became final. *Id.* The Eighth Circuit held that

> [o]nce the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot.

*Id.* at 216 (citing *Armel Laminates, Inc. v. Lomas & Nettleton Co.* (*In re Income Prop. Builders, Inc.*), 699 F.2d 963, 964 (9th Cir. 1982) (per curiam)).

The facts of *Olive St.* are materially identical to the facts in this case. As in *Olive St.*, the bankruptcy court here dismissed the underlying cases pursuant to § 1112(b) while an appeal was pending.[3] Then, Castaic failed to appeal the orders of dismissal.[4] The bankruptcy court here dismissed one case on January 29, 2013, and the other on January 30. Under Federal Rule of Bankruptcy Procedure 8002(a)(1), the orders of dismissal became final 14 days later. At that time, "a bankruptcy court no longer had power to order [a] stay or to award damages allegedly attributable to its vacation." *See*

---

[3] This order of events is permissible because the filing of a notice of appeal does not divest the trial court of jurisdiction over matters or issues not appealed. *See Wade v. State Bar of Arizona* (*In re Wade*), 115 B.R. 222, 230 (B.A.P. 9th Cir. 1990).

[4] The only distinction that can be drawn makes no difference: In *Olive St.*, the debtor did appeal the dismissal as far as the district court; in this case, Castaic did not appeal the orders of dismissal at all.

*Income Prop. Builders*, 699 F.2d at 964.[5] Absent an appeal from the dismissal orders, we have  no power to restore the bankruptcy proceeding. *Id.*; *see Olive St.*, 972 F.2d at 216. This appeal is therefore moot.

## CONCLUSION

Had Castaic appealed from the order of dismissal, this Court might have had some power to grant effective relief. Absent such power, this appeal does not present a justiciable case or controversy. It is therefore

**DISMISSED.**

---

[5] *Income Property Builders* is also materially similar to this case. The primary distinction is that the appeal there was brought by a third party claiming a mechanic's lien on the foreclosed property. 699 F.2d at 964.