**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: EDWARD S. AHN, DBA AEHCC, LLC, AKA Edward S. Ahn, AKA Pom Ahn, DBA Beverly Health & Birthing Center; HELEN AHN, DBA AEHCC, LLC, AKA Jum Ok Ahn, <br><br> Debtors, <br><br> ------------------------------ <br><br> FIRST INTERCONTINENTAL BANK, <br><br> Appellant, <br><br> v. <br><br> EDWARD S. AHN; et al., <br><br> Appellees, <br><br> PETER J. MASTAN, <br><br> Real-party-in-interest-Appellee. | No. 16-60013 <br><br> BAP No. 15-1189 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Kirscher, Dunn, and Gan, Bankruptcy Judges, Presiding

Argued and Submitted September 1, 2017
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and BARTLE,[**] District Judge.

First Intercontinental Bank ("FIB"), an unsecured creditor of debtors Edward and Helen Ahn (the "Ahns"), appeals the Bankruptcy Appellate Panel's ("BAP") dismissal of its appeal of the bankruptcy court order as constitutionally moot. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm the BAP on the alternative ground of equitable mootness. *See, e.g.*, *Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011) ("We can affirm on any ground supported by the record.").

Equitable mootness is "a judge-made abstention doctrine unrelated to the constitutional prohibition against hearing moot appeals." *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014) (internal quotation marks omitted). The doctrine holds that even where effective relief is theoretically possible, and the appeal is therefore not constitutionally moot, courts may "dismiss appeals of bankruptcy matters when there has been a 'comprehensive change of circumstances . . . so as to render it inequitable for [the] court to consider

[**] The Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

the merits of the appeal.'" *Id.* (quoting *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012)). In other words, "[e]quitable mootness concerns whether changes to the status quo following the order being appealed make it impractical or inequitable to unscramble the eggs." *Castaic Partners II, LLC v. Daca-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 968 (9th Cir. 2016) (internal quotation marks omitted).

Applying the four-factor test set out in *In re Thorpe Insulation Co.*, 677 F.3d at 881, we conclude that this appeal is equitably moot. Specifically, we find the final *Thorpe* factor, which is the "most important[]" of the four, *id.* at 883, to be determinative here.[1] That factor asks "whether the bankruptcy court can fashion effective and equitable relief[.]" *Id.* at 881; *see also Baker & Drake, Inc. v. Pub.*

---

[1] We also note, with reference to two of the other factors, that the settlement agreement has been fully consummated and that it is unclear whether FIB sought a stay with the requisite diligence. *See In re Thorpe Insulation Co.*, 677 F.3d at 881 (listing factors). FIB chose to withdraw its motions seeking a stay of the settlement order from the bankruptcy court, and instead moved for a stay of a separate stipulation between the parties. Moreover, after being denied a stay by the Bankruptcy Appellate Panel, FIB did not attempt to obtain one from this court or the Circuit Justice. *Compare id.* (contemplating that diligence requires seeking a stay from the Circuit Justice), *and Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 798 (9th Cir. 1981) (same), *with JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc. (In re Transwest Resport Props., Inc.)*, 801 F.3d 1161, 1168 (9th Cir. 2015) (party that sought stay from both bankruptcy court and district court was sufficiently diligent).

3

*Serv. Comm'n of Nev. (In re Baker & Drake, Inc.*), 35 F.3d 1348, 1352 (9th Cir. 1994) ("Ultimately, the decision whether to unscramble the eggs turns on what is practical and equitable.").

Here, it is not possible to fashion relief that is both effective and equitable. The merits of FIB's appeal concern whether the bankruptcy court abused its discretion by approving the settlement by the estate of certain avoidance claims. FIB asks that we vacate the settlement, order the refund of the $200,000 settlement payment to Cindy and Christina Ahn, and resurrect the long-settled avoidance claims. But the statute of limitations for the trustee to bring an avoidance action in the bankruptcy court has expired, precluding recovery on those claims on behalf of the estate. *See* 11 U.S.C. § 546(a). Thus, FIB seeks to pursue the avoidance claims in state court, on its own behalf.

But if this relief were granted, the Ahns' bankruptcy estate—and the equitable distribution among creditors that it represents—would be left with *neither* the $200,000 payment for which it released its claims, *nor* the ability to

recover anything in exchange by prosecuting or settling those claims anew.[2] Such

a result would subordinate one of the "essential goals and purposes of federal

bankruptcy law[:] . . . equitably distributing a debtor's assets among competing

creditors," *Burkart v. Coleman (In re Tippett)*, 542 F.3d 684, 689 (9th Cir. 2008)

(quoting *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1203 (9th Cir.

2005)), to the individual interest of one creditor, FIB. *See also, e.g.*, *Danning v.

Bozek (In re Bullion Reserve of N. Am.)*, 836 F.2d 1214, 1217 (9th Cir. 1988)

(noting "the prime bankruptcy policy of equal distribution among similarly situated

creditors," and the court's "obligation to secure an equitable distribution of [the

debtor's] assets among all its creditors").

Because allowing FIB to pursue the avoidance claims on its own behalf

would ratify an end run around the priority provisions of the Bankruptcy Code, the

running of the statute of limitations for actions brought by the trustee on behalf of

---

[2]     Counsel for FIB represented at oral argument that FIB is willing to pay the bankruptcy estate $250,000 in exchange for this relief, plus a percentage of any net recovery. FIB has waived this argument by failing to include in its brief any indication that permission to make such an overbid was part of its requested relief. *See, e.g.*, *United States v. Perez-Silvan*, 861 F.3d 935, 938 (9th Cir. 2017) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.") (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)). To the contrary, FIB argued in its brief that if the settlement order were vacated, the right to bring avoidance actions in state court would *automatically* revert to creditors, obviating the need for any such overbid payment.

the estate is the kind of "comprehensive change of circumstances" that "render[s] it inequitable for [the] court to consider the merits of the appeal." *In re Thorpe Insulation Co.*, 677 F.3d at 880 (quoting *In re Roberts Farms, Inc.*, 652 F.2d at 798). The appeal is equitably moot, and we therefore dismiss.

    **AFFIRMED; DISMISSED.**