

FILED

DEC 18 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1097-TaLS |
| BENZEEN INC., | Bk. No. 1:17-bk-13113-MT |
| Debtor. | |
| BENZEEN INC., | |
| Appellant, | |
| v. | MEMORANDUM* |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | |
| Appellee. | |

Argued and Submitted on November 29, 2018
at Pasadena, CA

Filed – December 18, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Maureen A. Tighe, Bankruptcy Judge, Presiding

———————

Appearances: Michael R. Sment argued for appellant Benzeen Inc.; Matthew Bryan Learned of McCarthy & Holthus, LLP argued for appellee JP Morgan Chase Bank, National Association.

———————

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

JP Morgan Chase Bank, N.A. ("Lender") sought and obtained stay relief under § 362(d)(1) and (d)(4)[1] as to real property owned by chapter 11 debtor in possession Benzeen Inc. ("Debtor"). On appeal, Debtor argues, in part, that the bankruptcy court failed to make adequate findings of fact and conclusions of law. Lender subsequently foreclosed on the Property and argues that this moots the appeal. We agree with Lender that the foreclosure moots the appeal as to the § 362(d)(1) relief; we also agree with Debtor that the bankruptcy court did not make adequate findings of fact and conclusions of law as to the § 362(d)(4) relief.

Accordingly, we DISMISS the appeal in part for lack of jurisdiction as to the § 362(d)(1) relief and VACATE and REMAND as to the § 362(d)(4)

_____

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

relief.

## FACTS

The bankruptcy court did not enter detailed findings of fact and conclusions of law. In the main, the parties do not dispute the general facts.

The appeal concerns real property located in Los Angeles, California (the "Property"). In 2005, a third party individual obtained a $2,340,000 loan secured by the Property. Washington Mutual Bank, FA was the original lender, but it subsequently assigned the deed of trust to Lender.

Debtor acquired the Property in 2010 and subject to Washington Mutual's senior lien. Thereafter, the Property was encumbered or affected by a series of documents apparently engineered, at least in part, by MMM Property Management, Inc. ("MMM"), a company Debtor contracted with to help "work-out" the Property:

- In July 2012, a deed of trust and assignment of rents was recorded to secure an alleged $25,000 debt in favor of Tiffany Yang as the beneficiary; MMM was the trustee; Debtor's principal executed the document.

- In September 2012, a similar deed of trust and assignment of rents was recorded to secure an alleged $25,000 debt in favor of Sally Johnson and Vladimir Pyagay as the beneficiaries; MMM was the trustee; Debtor's principal executed the document.

- In April 2013, a deed of trust and assignment of rents was recorded to

3

secure an alleged $25,000 debt in favor of Angela Wilson and Donald Lewis as the beneficiaries; MMM was the trustee; Debtor's principal executed the document.

- In March 2014, a deed of trust and assignment of rents was recorded to secure an alleged $30,000 debt in favor of Joseph Young as beneficiary; MMM was the trustee; Debtor's principal executed the document.

- In December 2014, a short form deed of trust and assignment of rents was recorded to secure an alleged $25,000 debt in favor of Foreman Financial, Inc. as beneficiary; Debtor's principal executed the document.

In May 2015, a grant deed was recorded; in it, Debtor granted itself a 30% interest in the Property and Riverside Investors, LLC a 70% interest in the Property.

In March 2016, Debtor filed a short-lived chapter 11 bankruptcy petition to avoid "an imminent foreclosure."

In November 2017, Debtor filed its current chapter 11 bankruptcy case and listed a fee simple interest in the Property on Schedule A. It later scheduled Lender as having a $3,238,344 secured interest in the Property, which it valued at $3,600,000.

In February 2018, Lender filed a motion seeking relief from the automatic stay under § 362(d)(1) asserting that the case was filed in bad

faith, and under § 362(d)(4). Lender alleged that nearly all of the individuals or entities listed above (Yang, Johnson and Pyagay, Wilson and Lewis, Young, and Foreman Financial, Inc.) filed bankruptcy, causing an automatic stay to affect the Property. It also alleged, consistent with the statute, that the present bankruptcy petition was part of a scheme to delay, hinder, or defraud it, involving the transfer of all or part ownership of the Property without its consent or court approval.

Debtor opposed. It argued that: it acquired the Property with the understanding that the senior lender would provide work-out options; when the lender did not do so, Debtor turned to MMM; it did not know about MMM's use of bankruptcy tactics; it terminated the relationship in February 2014 when MMM failed to perform; and it twice more attempted to satisfy Lender's lien, once through an attempted sale to Foreman Financial Inc. and then another attempted sale to Riverside Investors LLC.

At the hearing on the stay relief motion, Debtor's counsel argued that Debtor's principal did not know that MMM's methods involved filing bankruptcies. The bankruptcy court disagreed, stating: "I don't find it credible that the principal of the Debtor didn't know about these transfers and didn't know what was going on. The transfers are fraudulent, and they're all executed by the Debtor's current principal." Hr'g Tr. (Mar. 21, 2018) 3:21–25.

The bankruptcy judge eventually stated that she was granting the

motion, not waiving the Rule 4001(a)(3) 14-day stay, and clarified that relief included relief under § 362(d)(4).

The bankruptcy court entered an order granting stay relief under § 362(d)(1) and (d)(4) in March 2018 (the "Order"). Appellant timely appealed.

Subsequently, the bankruptcy court entered an order dismissing Debtor's bankruptcy case; Debtor has appealed that order. Thereafter, the Property was sold at a public foreclosure auction in July 2018; Lender obtained the Property by credit bid.[2]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(F). Subject to the discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Do we have jurisdiction over the Order to the extent it granted relief under § 362(d)(1)?

Did the bankruptcy court abuse its discretion in granting § 362(d)(4) relief?

## STANDARD OF REVIEW

We review our own jurisdiction de novo. *In re Ellis*, 523 B.R. at 677.

---

[2] We **grant** Lender's motion for judicial notice. *See  Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 676–77 (9th Cir. BAP 2014).

We review for an abuse of discretion a decision to grant *in rem* relief under § 362(d)(4). *Id.*

## DISCUSSION

In its opening brief, Debtor identifies 26 issues on appeal; but we only consider those it supports with argument. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1079 n.26 (9th Cir. 2008) ("It is well-established that a bare assertion in an appellate brief, with no supporting argument, is insufficient to preserve a claim on appeal.").

### A.    The appeal of the Order's § 362(d)(1) relief is moot.

Lender argues that the appeal is constitutionally and equitably moot because the underlying bankruptcy case was dismissed and because the Property was sold at a nonjudicial foreclosure.

We lack jurisdiction over a moot appeal. *In re Ellis*, 523 B.R. at 677. "In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory." *Clear Channel Outdoor Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33 (9th Cir. BAP 2008). "Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III." *Castaic Partners II, LLC v. DACA-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 968 (9th Cir. 2016) (citing *In re PW, LLC*, 391 B.R. at 33). And equitable mootness considers whether "changes to the status quo following the order being appealed make it impractical or inequitable to 'unscramble the eggs.' " *Id.* (quoting *In re PW, LLC*, 391 B.R.

at 33).[3] The test for appellate mootness is "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Id.* at 968–69.

First, dismissal of the underlying bankruptcy case moots an appeal from a stay relief order, but only if the dismissal is not appealed. *Id.* at 969.[4] Here, the underlying bankruptcy case was dismissed; but Debtor appealed the dismissal order—and briefing in that appeal proceeds apace. *See* BAP No. 18-1185. So this appeal is not constitutionally moot because we have the power to restore the bankruptcy proceeding and reverse the order granting stay relief.

The nonjudicial foreclosure, however, renders the appeal moot as to the § 362(d)(1) relief. The Ninth Circuit has "generally held that where an automatic stay is lifted, the debtor's failure to obtain a stay pending appeal renders an appeal moot after assets in which the creditor had an interest

---

[3] Statutory mootness refers to 11 U.S.C. § 363(m) and does not apply here because the Property was sold at a foreclosure sale. *See id.* at 968 n.2.

[4] This is because, once the bankruptcy is dismissed, "neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist." *Id.* (quoting *Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992)). And "[a]bsent an appeal from the dismissal orders, we have no power to restore the bankruptcy proceeding." *Id.* As a result, "it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot." *Id.* (quoting *Olive St.*, 972 F.2d at 216). Similarly, an appeal of a stay relief order becomes moot when the debtor receives a chapter 7 discharge. *See In re Ellis*, 523 B.R. at 678.

are sold." *Sun Valley Ranches, Inc. v. The Equitable Life Assurance Soc'y (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1374 (9th Cir. 1987). In *Sun Valley Ranches*, however, the Ninth Circuit identified a "narrow exception to this rule, whe[n] real property is sold to a creditor who is a party to the appeal." *Id.* at 1375. In those cases "it would not be impossible for the Court to fashion some sort of relief." *Id.* (quoting *Crown Life Ins. v. Springpark Assocs. (In re Springpark Assocs.)*, 623 F.2d 1377, 1379 (9th Cir. 1980)).

This exception, Debtor contends, applies here. Lender concedes that it acquired the Property; instead, it argues that the *Sun Valley Ranches* exception is distinguishable because it involved a right of redemption, while none exists in the present case. Lender is correct.

The Ninth Circuit has expressly limited *Sun Valley Ranches*'s exception to cases where there is a statutory right of redemption. *Onouli-Kona Land Co., v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1173 (9th Cir 1988) ("Accordingly, we endorse *In re Sun Valley's* suggested limit to the mootness exception. The exception is available when real property is sold to a creditor who is a party to the appeal, but only when the sale is subject to statutory rights of redemption."). Debtor points to no right of redemption. As a result, the foreclosure sale renders moot Debtor's appeal of the stay relief order under § 362(d)(1).

The appeal is not entirely moot, however. The Order granted § 362(d)(4) relief. Section 362(d)(4) was added to the Code in 2005; it

9

provides secured creditors "special relief . . . ." *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 870 (9th Cir. BAP 2012). Section 362(d)(4) "permits the bankruptcy court to grant *in rem* relief from the automatic stay in order to address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property." *Id.* If the order is properly recorded, it is binding in any bankruptcy case filed for the next two years. *Id.* (citing 11 U.S.C. § 362(d)(4), (b)(20)). In short, a § 362(d)(4) order "has serious implications." *Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, 499 B.R. 698 (9th Cir. BAP 2013). Section 362(d)(4) relief applies against the debtor and "every non-debtor, co-owner, and subsequent owner of the property." *Id.*

At oral argument, we asked about Debtor's standing to appeal the § 362(d)(4) relief, as the nonjudicial foreclosure eliminated their ownership interest in the Property. Lender's counsel stated that Lender remained interested in the *in rem* relief: it was concerned Debtor might file bankruptcy to stay an unlawful detainer action. From this, we deduce that Debtor remains in possession of the Property and that Lender has not prosecuted an unlawful detainer action to judgment. So Debtor may possess an interest in the Property that could, in the absence of § 362(d)(4) relief, be protected by the automatic stay. *Cf. Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1128–30 (9th Cir. 2016) (holding that entry of unlawful

detainer judgment and writ of possession completely divests debtor of all legal and equitable possessory rights "that would otherwise be protected by the automatic stay"). As a result, the appeal is not moot as to the *in rem* relief, and we have jurisdiction over the appeal because the § 362(d)(4) relief has continuing vitality against Debtor: if we reverse the § 362(d)(4) order, it would not, if recorded, be binding in a future bankruptcy case filed before entry of an unlawful detainer judgment.

In sum, the nonjudicial foreclosure renders the appeal of the § 362(d)(1) relief moot; but we have jurisdiction over the § 362(d)(4) component of the Order.

### B. We vacate and remand for further findings of fact and conclusions of law concerning the § 362(d)(4) relief.

We now turn to the merits of the § 362(d)(4) component of the Order. Debtor argues both that Lender did not present a prima facie case for § 362(d)(4) relief and that the bankruptcy court failed to make the required findings of fact and conclusions of law. This invokes Civil Rule 52.

A stay relief motion "is a contested matter under Rule 9014 . . . ." *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 871. In a contested matter, the "bankruptcy court must render findings of fact and conclusions of law as required by Civil Rule 52(a) (incorporated by Rules 7052 and 9014(c))." *Rediger Inv. Corp. v. H Granados Commc'ns, Inc. (In re H Granados Commc'ns, Inc.)*, 503 B.R. 726, 732 (9th Cir. BAP 2013). If there are not complete

11

findings, "we may vacate a judgment and remand the case to the bankruptcy court to make the required findings." *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 871. That said, we need not reverse, even if the bankruptcy court rules without articulating its findings, if the record provides us "with a full, complete, and clear view of the issues on appeal." *In re H Granados Commc'ns, Inc.*, 503 B.R. at 732.

> To obtain § 362(d)(4) relief, a creditor must show three elements:
>
> First, debtor's bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property.

*In re First Yorkshire Holdings, Inc.*, 470 B.R. at 870. Correspondingly, for "the court to grant relief under § 362(d)(4), and thus trigger two years of prospective relief as to the subject real property, it must affirmatively find that the three elements above are present." *Id.* at 870–71.

Here, the bankruptcy court did not set out separate findings of fact and conclusions of law, nor did it affirmatively find the three elements required for § 362(d)(4) relief. Lender's motion does not assist us; it is not a picture of legal clarity. It never articulates how (or even that) the alleged bankruptcy filings delayed, hindered, or defrauded it; it simply states that automatic stays went into effect on the Property. According to Lender's declaration, a notice of sale was not recorded until September 2017, well

after the relevant transfers. Adding to the confusion, Lender's declaration states that Lender foreclosed on the Property in July 2010 and recorded a Trustee's deed upon sale in November 2010. If that is the case, Lender would be the Property's owner and not, as our precedent indicates, a secured creditor entitled to § 362(d)(4) relief. *In re Ellis*, 523 B.R. at 679–80.

As a result, "it is not clear without further findings from the bankruptcy court that [Lender] carried its burden of proof on all of the elements for relief from stay under § 362(d)(4)." *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 871. Findings "are particularly important here because of the *in rem* nature of the [Order] and the detrimental effect it has on parties besides [Debtor]." *Id.* We thus VACATE the Order's grant of § 362(d)(4) relief and REMAND so the bankruptcy court may make the required findings supporting the relief.[5]

## CONCLUSION

Based on the foregoing, we DISMISS the appeal in part for lack of jurisdiction because it is moot as to the § 362(d)(1) relief and VACATE the Order to the extent it granted § 362(d)(4) relief and REMAND for further proceedings, if appropriate.

---

[5] We acknowledge that the underlying factual circumstances may change, obviating the need for the bankruptcy court to make further findings—for instance, Lender may no longer seek § 362(d)(4) relief.