**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In the Matter of:  LAKE MATHEWS MINERAL PROPERTIES, LTD., <br><br> Debtor. <br><br> ------------------------------ <br><br> PAUL MERRITT, <br><br>  Appellant, <br><br> v. <br><br> ELISSA D. MILLER, Trustee, <br><br>  Appellee. | No. 21-55810 <br><br> D.C. No. 2:20-cv-07808-GW <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Paul Merritt appeals pro se from the district court's order affirming the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

bankruptcy court's order on final fee applications. We have jurisdiction under 28 U.S.C. § 158(d). "We review decisions of the bankruptcy court independently without deference to the district court's determinations." *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

Contrary to his contention, Merritt's filing of two interlocutory appeals related to the bankruptcy court's orders disallowing his proof of claim and denying his motion to dismiss did not deprive the bankruptcy court of jurisdiction to approve the final fee applications because Merritt's pending appeals divested the bankruptcy court of jurisdiction only over matters directly involved in those appeals. *See In re Castaic Partners II, LLC*, 823 F.3d 966, 969 n. 3 (9th Cir. 2016) ("[T]he filing of a notice of appeal does not divest the trial court of jurisdiction over matters or issues not appealed."); *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) ("If a party wants to stay all of the proceedings in bankruptcy court while an appeal is pending, it must file a motion for a stay.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**