NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LONNIE TODD MOORE, | No. 22-55383 |
| Debtor, | D.C. No. 2:21-cv-04138-GW |
| ———————————————— | |
| JAMES MACDONALD, | MEMORANDUM* |
| Appellant, | |
| v. | |
| SHEREEN ARAZM KOULES; DAVID HILTY, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 5, 2023**

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Appellant James MacDonald appeals from the district court's affirmance of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the bankruptcy court's order ("Dismissal Order") in an adversary proceeding granting, without further leave to amend, the motion for judgment on the pleadings by appellees. We **DISMISS** the appeal for lack of jurisdiction.

On March 7, 2016, Lonnie Moore filed a voluntary petition for relief under the Bankruptcy Code.[1] On December 20, 2019, appellee David Hilty filed his operative, amended proof of claim. On January 30, 2020, appellee Shereen Arazm filed her operative, amended proof of claim.[2] On June 24, 2020, appellant MacDonald filed his operative, amended proof of claim.

On October 28, 2020, the Trustee filed the Trustee's Final Report ("TFR") in order to administer all estate assets and close the case. In the TFR, the Trustee "allowed" Hilty, Arazm, and MacDonald's claims and proposed payments of about one percent of the amended claim amounts. On November 25, MacDonald started an adversary proceeding seeking mandatory and equitable subordination of Hilty

---

[1] Moore's original petition was filed under Chapter 13 of the Bankruptcy Code, but then converted to Chapter 7.

[2] Hilty had filed his original proof of claim on December 2, 2016. Arazm had filed her original proof of claim on December 5, 2016. In 2012, Hilty and Arazm had sued Moore, the debtor, in Los Angeles Superior Court. The lawsuit had sought damages against Moore for, among other alleged misconduct, securities fraud, unjust enrichment, and breach of fiduciary duty with respect to LLCs in which Hilty and Arazm were members. Both Hilty and Arazm obtained a judgment against Moore in 2017. In 2019, the California Court of Appeal affirmed this judgment in its entirety. *See Hilty v. Moore*, No. B284902, 2019 WL 4686265 (Cal. Ct. App. Sept. 26, 2019). Hilty and Arazm amended their claims to reflect the amount of the judgment.

2

and Arazm's claims.[3]

On December 10, following a hearing to consider the TFR, the Bankruptcy Court entered its TFR Order. It authorized and directed the Trustee to make distributions to all administrative creditors and claimants pursuant to the TFR *except* with respect to Hilty, Arazm, and MacDonald's claims—the distributions for which were paused pending resolution of the adversary proceeding.

Meanwhile, on December 21, in the adversary proceeding, appellee Arazm and her husband, Oren Koules, filed a Notice of Lien on MacDonald's claim pursuant to § 708.410 *et seq.* of the California Code of Civil Procedure. The basis for the lien was an unsatisfied award of mandatory appellate anti-SLAPP attorneys' fees Arazm and Koules had against MacDonald from a different lawsuit. On February 5, 2021, MacDonald filed an amended complaint in the adversary proceeding. Appellees filed their answer on March 9 and their motion for judgment on the pleadings on March 10.

On April 21, the Bankruptcy Court granted the motion in an oral ruling, holding, among other things, that a claim for mandatory subordination can be asserted *only* by an estate representative (trustee or debtor in possession). The court also held that MacDonald lacked standing to pursue equitable subordination

---

[3] On the same day, MacDonald also filed an Objection to the TFR and to the claims of Hilty and Arazm. The Trustee filed a Response stating that she "found each to be a properly filed claim."

3

because he did not—and could not—allege a particularized injury. The court also determined that further amendment would be futile and prejudicial.

On May 17, the Bankruptcy Court entered a written Dismissal Order that incorporated its oral ruling. In the order, the court authorized the Trustee to release the hold on funds meant for the distributions on the appellees' and MacDonald's claims and to file a motion regarding directing the final distributions. MacDonald appealed to the district court on May 18.[4]

MacDonald had not sought to stay the enforcement of the Dismissal Order at the time of filing his appeal to the district court. Therefore, on July 27, the Trustee filed a motion requesting an order authorizing and directing final distributions on the appellees' and MacDonald's claims as the Dismissal Order stated. On August 25, the day of the hearing on the Trustee's motion, MacDonald sought a stay of the Dismissal Order. The bankruptcy court denied the stay because MacDonald had not shown a likelihood of success on the merits, as he had advanced no argument to overcome his lack of standing as to his subordination claims.

On August 27, the bankruptcy court entered an order ("Appellees Distribution Order") granting the Trustee's request to distribute to Hilty and Arazm the proposed payments on their claims, but denying the request regarding

_____

[4] MacDonald had already filed a Notice of Appeal on May 5—after the court's oral ruling. We treat the Notice as filed on the date of and after the entry of the Dismissal Order. *See* Fed. R. Bankr. P. 8002(a)(2).

4

MacDonald's claim and ordering those funds to be deposited in an escrow account. The order provides for a "final distribution," that is not subject to any stay, and as to which there "shall be no delay, in the enforcement and implementation of this Order." MacDonald did not appeal—or otherwise seek to challenge or stay—the Appellees Distribution Order, and it became final in September 2021. *See* Fed. R. Bankr. P. 8002(a)(1) (setting fourteen-day deadline).

On September 15, the bankruptcy court held a hearing on allocating MacDonald's claim to Arazm and Koules based on their Notice of Lien. The court found that there was no dispute over the finality or the unpaid amount of the underlying judgment of attorneys' fees, and therefore the lien was valid. On September 29, the court assigned MacDonald's claim to Arazm and Koules in an order ("Assignment Order"). MacDonald did not appeal this order, and it became final in October 2021. *See* Fed. R. Bankr. P. 8002(a)(1).

Accordingly, on October 29, the Trustee filed the final account and distribution report and applied to be discharged of her duties. At that point, the underlying bankruptcy case was administratively concluded.

On March 25, 2022, the district court affirmed the bankruptcy court's Dismissal Order. The district court agreed with the bankruptcy court's determination that MacDonald lacked statutory standing to seek subordination of the appellees' claims. Separately, the district court also held that MacDonald

5

lacked standing to pursue the appeal because it was moot due to MacDonalds' failure to appeal the intervening distribution and assignment orders. This appeal followed.

We lack jurisdiction over this appeal because it is moot. "In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory." *In re PW, LLC*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008). "Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III." *In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986). "In a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy with respect to issues directly involving the reorganization of the estate." *Castaic Partners II*, 823 F.3d at 969 (internal quotation marks and citation omitted).

Here, MacDonald did not appeal the Appellees Distribution Order and it became final in September 2021. Therefore, the claims that he was seeking to subordinate in favor of his claim have already been distributed. Even if

MacDonald *had* statutory standing to seek such subordination,[5] we could not grant him "any effective relief" now even if we ruled "on the merits in his favor." *Garcia*, 805 F.2d at 1402.

Separately, MacDonald also did not appeal the Assignment Order, and it became final in October 2021. Therefore, he has no right to receive any distribution from the Moore estate, even if his appeal could have proceeded and even if any funds were left in the estate before the Trustee's final distribution. MacDonald no longer has a "personal stake in the outcome of the controversy." *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir. 2001) (en banc), *aff'd sub nom.*, *Brown v. Legal Found. of Wash.*, 538 U.S. 216 (2003).

"If something happens during litigation that makes relief impossible, the case is moot." *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't. of Health & Hum. Servs.*, 946 F.3d 1100, 1109 (9th Cir. 2020). Here, the finality of the Appellees Distribution Order and the Assignment Order independently make

---

[5] "We apply a clearly erroneous standard to the bankruptcy court's findings of fact and review its conclusions of law *de novo*." *In re Weisman*, 5 F.3d 417, 419 (9th Cir. 1993). The bankruptcy court did not err—let alone clearly err—in finding that MacDonald had failed to allege any particularized injury and therefore could not seek equitable subordination. The bankruptcy court also correctly concluded that an unsecured creditor like MacDonald could not usurp an estate representative's general role in seeking mandatory subordination, and that MacDonald did not satisfy any exceptions that would have let him seek such subordination.

relief impossible.[6]   This appeal is therefore no longer a live case or controversy,

and we lack jurisdiction due to mootness.

     **DISMISSED.**

---

[6] Even if the Appellees Distribution Order were not final and even if MacDonald succeeded on the merits so as to subordinate the appellees' claims to his, the case would still be moot.  Currently, with post-judgment interest, the lien Arazm and her husband Koules have against MacDonald is worth more than $189,000.  The TFR Order had only retained $177,442.09 (the sum total of the proposed distributions for the appellees' and MacDonald's claims).  Therefore, MacDonald's distribution would still only suffice for partial satisfaction of the lien. His distribution would still be completely assignable to Arazm and Koules, and MacDonald would still not have a "personal stake in the outcome of the controversy." *Wash. Legal Found.*, 271 F.3d at 847.