**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1695
_____

IN RE:  BRUCE R. AIKINS,
                                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:22-cv-02899)
District Judge: Honorable Georgette Castner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 18, 2025

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: February 20, 2025)

_____

_____

OPINION[*]

_____

PER CURIAM

In March 2022, Bruce Aikins filed a pro se Chapter 7 petition in the United States Bankruptcy Court for the District of New Jersey. Two days later, ETC Equities, LLC ("ETC") moved for relief from 11 U.S.C. § 362(a)'s automatic stay so that it could proceed with an ejectment action that it had brought against Aikins in New Jersey state court. In May 2022, the Bankruptcy Court granted ETC's motion. Aikins then appealed that order to the District Court.[1] While that appeal was pending, the proceedings in the Bankruptcy Court moved forward.[2]

In March 2024, the District Court dismissed Aikins's appeal for lack of prosecution based on his failure to file a brief. He then appealed to us, challenging the District Court's judgment. Around the same time, the Bankruptcy Court entered a final decree in his Chapter 7 case. That final decree stated that Aikins's estate had been fully administered,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] That order was immediately appealable. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37–38 (2020).

[2] "[W]hen a notice of appeal has been filed in a bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of that appeal." *In re Transtexas Gas Corp.*, 303 F.3d 571, 580 n.2 (5th Cir. 2002); *see In re Castaic Partners II, LLC*, 823 F.3d 966, 968–69, 969 n.3 (9th Cir. 2016) (indicating that it was permissible for bankruptcy court to proceed despite the pendency of an appeal from its order granting relief from the automatic stay).

discharged the Bankruptcy Trustee, and closed the Chapter 7 case. Aikins did not appeal from that final decree, and the time for him to do so has expired. *See* Fed. R. Bankr. P. 8002(a)(1) (providing 14-day appeal period).

Because Aikins's Chapter 7 case is finished, the appeal before us, which stems from the Bankruptcy Court's order granting relief from the automatic stay, is moot. *See, e.g.*, *Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) (per curiam) ("Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot."); *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 964 (9th Cir. 1982) (per curiam) ("Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless."). Accordingly, we will (and must) dismiss this appeal on that basis. *See generally Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").