NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  Monnie Ramsell | No. 24-6643 |
| Debtor | BAP No. 24-1033 |
| ———————— | MEMORANDUM* |
| MONNIE RAMSELL, | |
| Appellant, | |
| v. | |
| EDWARD J. MANEY; WELLS FARGO BANK, N.A., As Trustee for Banc of America Mortgage Securities Inc. Mortgage Pass-Through Certificates, Series 2003-A, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Faris, and Corbit, Bankruptcy Judges, Presiding

Submitted November 12, 2025**

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

———————————

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 13 debtor Monnie Ramsell appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing for bad faith her chapter 13 petition. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's decision and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm in part and dismiss in part.

The bankruptcy court did not abuse its discretion by dismissing Ramsell's petition because the record supports the bankruptcy court's finding of bad faith. *See Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994) (reviewing for clear error a bankruptcy court's finding of bad faith and for an abuse of discretion its decision to dismiss a bankruptcy case as filed in bad faith); *see also Khan v. Barton (In re Khan)*, 846 F.3d 1058, 1063, 1065-66 (9th Cir. 2017) (explaining that courts must consider the totality of the circumstances in determining bad faith).

We dismiss as moot Ramsell's appeal of the portion of the bankruptcy court's dismissal order granting in rem relief from a stay under 11 U.S.C. § 362(d)(4) for one year because more than one year has passed since its entry and it is no longer in effect. *See In re Castaic Partners II, LLC*, 823 F.3d 966, 968-69 (9th Cir. 2016) ("The test for mootness of an appeal is whether the appellate court

can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED in part, DISMISSED in part.**