**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 25-1048**

───────────────

In re:  CHAPTER 13 TRUSTEE.

------------------------------

CHRISTOPHER M. COOK,

        Debtor – Appellant,

    v.

CHAPTER 13 TRUSTEE,

        Trustee – Appellee.

------------------------------

NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS,
NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER,

        Amici Supporting Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:24-cv-00288-MSN-WBP)

───────────────

Argued:  March 18, 2026                                    Decided:  April 13, 2026

───────────────

Before GREGORY, WYNN, and BERNER, Circuit Judges.

───────────────

District court dismissal reversed; bankruptcy court judgment affirmed by published opinion. Judge Berner wrote the opinion, in which Judge Gregory and Judge Wynn joined.

**ARGUED:** Robert S. Brandt, LAW OFFICE OF ROBERT S. BRANDT, Alexandria, Virginia, for Appellant. Richard Preston Cook, RICHARD P. COOK, PLLC, Wilmington, North Carolina, for Amici Curiae. Thomas P. Gorman, OFFICE OF THE CHAPTER 13 TRUSTEE, Alexandria, Virginia, for Appellee. **ON BRIEF:** Marcelo R. Michel, OFFICE OF THE CHAPTER 13 TRUSTEE, Alexandria, Virginia, for Appellee.

BERNER, Circuit Judge:

This case concerns the bounds of equitable mootness, a doctrine applied only in the context of bankruptcy. When applied, the doctrine permits a court to avoid addressing the merits of a case. Equitable mootness differs significantly from Article III mootness, which concerns the court's jurisdiction and is, therefore, not discretionary. *Kiviti v. Bhatt*, 80 F.4th 520, 531 n.5 (4th Cir. 2023). By contrast to this constitutional limitation on judicial authority, equitable mootness is a "pragmatic doctrine" under which a court sitting in review of a bankruptcy decision may "dismiss an appeal when 'changes to the status quo following the order being appealed make it impractical or inequitable to unscramble the eggs.'" *Id.* (quoting *In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016)). The key inquiry with respect to equitable mootness is whether the requested relief is available as a practical matter. In other words, a court must consider whether it would be possible to grant the requested relief without undermining the structure and purpose of the bankruptcy plan.

Christopher Cook filed for bankruptcy in May 2023. The bankruptcy court denied confirmation of the first plan Cook proposed, finding the plan failed to comply with statutory requirements. Over the next several months, Cook submitted two more revised plans, which the bankruptcy court declined to confirm. Finally, the bankruptcy court confirmed Cook's fourth proposed plan. After his fourth plan was confirmed and Cook began to comply with its parameters, Cook appealed to the district court, arguing that the bankruptcy court should have confirmed his first proposed plan. The district court declined

3

to address the merits of Cook's appeal, however. Instead, the district court deemed the appeal equitably moot and dismissed it.

Cook then appealed to this court. He argues that the district court erred in applying the equitable mootness doctrine and urges us to reverse the bankruptcy court order denying confirmation of the first plan. We reverse the district court's finding that the matter is equitably moot. The doctrine of equitable mootness is reserved for complex cases where relief would be impractical, inequitable, or both. It is not appropriately applied in simple, small dollar cases such as this one. Moving on to the merits, we affirm the order of the bankruptcy court.

## I. Background

### A. Chapter 13 Bankruptcy

Sometimes called a wage-earner's plan, Chapter 13 bankruptcy allows an individual with a regular income to develop a plan to repay all or part of his debts in three to five years. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007); 11 U.S.C. § 1322(d). If the individual complies with his plan, the court will discharge the debt. 11 U.S.C. § 1328(a).

After an individual files a Chapter 13 petition, an impartial trustee is appointed. *Id.* § 1302. The trustee has a dual role. First, the trustee reviews the debtor's proposed plan for emerging from bankruptcy and raises any objections to it with the bankruptcy court. *Id.* § 1302(b). Second, after the plan is approved, the trustee is responsible for collecting payments from the debtor and distributing funds to creditors for the plan's duration. *Id.*

4

Chapter 13 requires the debtor to submit a plan, together with supporting documentation, for emerging from bankruptcy to the bankruptcy court. *Id.* §§ 1321–1322. The bankruptcy court reviews the plan and applies statutory criteria to decide whether to approve it. *Id.* §§ 1321–1325. One criterion requires the plan to have "been proposed in good faith and not by any means forbidden by law[.]" *Id.* § 1325(a)(3).

The bankruptcy court also takes into consideration any objections raised by the trustee. For example, a trustee may object to a debtor's proposed plan under what is known as the "liquidation test." If raised, the bankruptcy court must consider this objection. *Id.* § 1129(a)(7). The liquidation test, or "best interests of the creditors test," provides that a plan may only be confirmed over an objection if the debtor's creditors "will receive or retain under the plan" an amount "not less than the amount that such holder would so receive or retain if the debtor were liquidated under" a Chapter 7 bankruptcy.[1] *Id.* § 1129(a)(7)(ii).

B. Facts and Procedural History

Christopher Cook, the debtor in this case, filed for Chapter 13 bankruptcy in the Eastern District of Virginia to relieve himself of his personal debt, which amounted to a total of approximately $333,000. Appellee Thomas P. Gorman was appointed trustee (Trustee).

---

[1] Of the different forms of bankruptcy available to debtors, Chapter 7 is the most onerous. In a Chapter 7 bankruptcy, the trustee sells all of the debtor's nonexempt assets and uses the proceeds to pay the creditors. *See Harris v. Viegelahn*, 575 U.S. 510, 513–14 (2015); 11 U.S.C. §§ 704(a)(1), 726.

5

Cook filed his first proposed plan in May 2023. That plan would require Cook to pay $200 per month toward repayment of his debt over a thirty-six-month period. The total repayment to creditors under this plan amounted to $7,200. The Trustee objected to the first plan, arguing that it incorrectly calculated Cook's disposable income, that Cook had not proposed the plan in good faith, and that the plan did not pass the liquidation test. Specifically, the Trustee objected because the plan permitted Cook to continue paying for a storage unit and to gift his children an amount totaling $21,000. The Trustee further objected to the plan's failure to account for a large sum from the recent sale of Cook's home.

Cook then amended his supporting documentation for his first plan. Among other changes, Cook indicated that the transfer of funds to his children was for the repayment of loans from his children, rather than gifts. He also amended the documentation to remove payment for the storage unit.

The bankruptcy court held a confirmation hearing on Cook's first proposed plan. Cook testified about some of the representations in his filings. Some of Cook's in-court statements were inconsistent with his written submissions, including discrepancies in costs related to his phone and transportation expenses. At the close of the hearing, the bankruptcy court found that the plan had not been proposed in good faith. It also concluded that Cook's plan did not pass the liquidation test because Cook's creditors would fare no better under the proposed plan than they would under a hypothetical Chapter 7 plan. Accordingly, it denied confirmation.

6

Cook proceeded to submit second and third plans, increasing his monthly payments incrementally in each. The Trustee objected to both, and the bankruptcy court denied confirmation with leave to amend.

Finally, Cook filed a fourth plan. The fourth plan required Cook to make monthly payments as follows: four initial payments of $200, one payment of $400, and thirty-one payments of $625, for a total repayment of $20,550 over thirty-six months. The Trustee did not object to this plan. Cook then filed an objection to his fourth plan, arguing that the bankruptcy court should have confirmed his first plan. In spite of this objection, Cook asked that the fourth plan be confirmed. The bankruptcy court overruled Cook's objection and confirmed the fourth plan.

Cook filed a timely appeal from the final bankruptcy court order in the United States District Court for the Eastern District of Virginia. Cook argued that the bankruptcy court erred in denying confirmation of his first plan. The district court dismissed Cook's case without reaching the merits, however, upon concluding that Cook's appeal had become equitably moot.

On appeal to this court, Cook contends that the district court improperly applied the doctrine of equitable mootness. He is joined in this argument by *amici curiae* the National Association of Consumer Bankruptcy Attorneys and the National Consumer Bankruptcy Rights Center. Cook further argues that the bankruptcy court erred in declining to confirm his first plan.

7

## II. Analysis

We first address the district court's application of the equitable mootness doctrine. We reverse and conclude the district court erred by dismissing Cook's appeal without considering the merits. Because the record from the bankruptcy court is complete and in the interest of judicial economy, we then turn to the merits and affirm the bankruptcy court order denying confirmation of Cook's first proposed plan.

## A. Equitable Mootness

We generally begin our analysis by setting forth the applicable standard of review. Our court has declined to decide whether we review a district court's application of the equitable mootness doctrine *de novo* or for abuse of discretion. *In re Bate Land & Timber LLC*, 877 F.3d 188, 195 n.5 (4th Cir. 2017). The majority of our sister circuits apply a *de novo* standard, although there is some conflict. *See In re One2One Commc'ns, LLC*, 805 F.3d 428, 453 (3d Cir. 2015) (Krause, J., concurring) (explaining that the Third Circuit reviews for abuse of discretion, but the Sixth, Fifth, Ninth, and Eleventh Circuits opt for *de novo* review); *In re VeroBlue Farms USA, Inc.*, 6 F.4th 880, 889 n.5 (8th Cir. 2021) (noting disagreement among the circuits). We need not reach this question today because applying either standard we find the district court erred.

Practicality lies at the core of the equitable mootness doctrine. *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). When applying the doctrine, a court must first consider "whether judicial relief on appeal can, as a pragmatic matter, be granted." *Id.*

8

Then, though there are no "rigid rules" governing a court's analysis, *id.*, we have previously instructed that relevant factors for consideration include:

> (1) whether the appellant sought and obtained a stay; (2) whether the reorganization plan or other equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the reorganization plan or other equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

*Id.* (considering equitable mootness in the context of a Chapter 11 bankruptcy). These factors have come to be known as the "*Mac Panel* factors," after the case in which these factors were first articulated. *In re Bate*, 877 F.3d at 195.

We find that the district court erred in concluding that Cook's appeal had become equitably moot. We begin first with the central inquiry. The circumstances of this case do not suggest that "effective relief" has become "impractical, imprudent, and therefore inequitable." *Mac Panel Co.*, 283 F.3d at 625. There is no egg to unscramble. Cook seeks merely to adjust his plan moving forward. No real property has been transferred, no assets have been liquidated, and no reorganization has occurred. Cook has continued to make the requisite monthly payments in a timely manner. Altering the amount of the payments prospectively was feasible and well within the authority of the district court.

Moreover, this is a straightforward Chapter 13 bankruptcy involving only one individual with limited assets and debts. Only four creditors have made claims in this bankruptcy, and the total amount of their debt is approximately $115,000. Where this court affirmed a district court's application of the equitable mootness doctrine, the cases have invariably involved far greater sums of money, tangible property, and more parties. *In re*

9

*U.S. Airways Grp., Inc.*, 369 F.3d 806, 809–11 (4th Cir. 2004) (affirming district court's application of equitable mootness doctrine to a Chapter 11 bankruptcy involving a corporation, numerous stakeholders, and millions of dollars); *see also Mac Panel Co.*, 283 F.3d at 626–27 (same). Indeed, this court has only upheld the application of the equitable mootness doctrine in more complex cases, generally in the context of Chapter 11 bankruptcy.

We turn now to the *Mac Panel* factors. On balance, we conclude that they too weigh against application of the doctrine of equitable mootness.

We begin with the first factor, whether Cook sought a stay. He did not. Nor did he pursue an interlocutory appeal after the bankruptcy court declined to confirm his first plan. Though these facts may weigh in favor of equitable mootness, they are not dispositive. If a failure to seek a stay would necessarily result in a case being rendered equitably moot, courts would functionally be imposing through judicial fiat a requirement that debtors always seek a stay to preserve their right of appeal. The bankruptcy code does not impose such a requirement, and we decline to do so here.

We now address the second *Mac Panel* factor, whether the plan has been substantially consummated. Cook made regular monthly payments to the Trustee, who then disbursed funds to Cook's creditors, from the time the plan was confirmed until now. Nevertheless, as this court reasoned in *In re Bate Land & Timber LLC*, the substantial consummation factor does not weigh in favor of equitable mootness when "the relief requested does not seek to *undo* any aspect of the Confirmed Plan that has been consummated." 877 F.3d at 196. Cook does not seek to claw back payments already made.

10

He seeks only a downward adjustment to his monthly payments moving forward. Substantial consummation thus weighs against application of the equitable mootness doctrine.

The third *Mac Panel* factor, whether the requested relief would affect the success of the plan, weighs against equitable mootness. There is no suggestion that confirmation of Cook's first plan would affect the success of his plan. *Mac Panel Co.*, 283 F.3d at 625. Cook has made his monthly payments as expected. An adjustment downward, which would be the practical effect of confirming his first plan rather than his fourth, would not increase the risk of the plan's failure.

Finally, the fourth *Mac Panel* factor, impact on the interests of third parties, is neutral. The four creditors that filed claims in Cook's bankruptcy would receive less money towards Cook's debt if his first plan was adopted in lieu of his fourth. The difference between the current monthly payment under the fourth plan and the proposed monthly payment under the first plan is $425. The impact on creditors is lessened, however, by the fact that Cook's proposed changes are solely forward-looking. The number of third parties involved in this case, however, as well as the dollar amount at issue, is significantly smaller than the instances where this factor has weighed in favor of equitable mootness. *In re U.S. Airways*, 369 F.3d at 810–11 (finding the fourth *Mac Panel* factor weighed in favor of equitable mootness because appellant's requested relief would have impacted numerous third-party corporations, unions, and investors, and implicated millions of dollars).

11

Considering the record in full, we conclude that relief would be practically and pragmatically available, and that the *Mac Panel* factors weigh against application of the doctrine of equitable mootness in this case.

## B. Merits

Cook urges us to reach the merits of his appeal and to conclude that the bankruptcy court erred by denying confirmation of his first plan. The district court did not reach this issue because it dismissed Cook's appeal as equitably moot. Although remand to the district court to rule on this question in the first instance would be an appropriate course, the record before us is complete. Therefore, in the interest of judicial economy, we reach the merits of Cook's appeal. *See In re Bate*, 877 F.3d at 196–97.

One basis upon which the bankruptcy court rejected Cook's first proposed plan was its finding that the plan had not been proposed in good faith. We review this finding for clear error. *Trantham v. Tate*, 112 F.4th 223, 230 (4th Cir. 2024).

In deciding whether to confirm a debtor's proposed plan under Chapter 13, a bankruptcy court may consider, among other things, "the debtor's honesty in representing facts[.]" *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982). Here, the bankruptcy court based its lack of good faith finding on Cook's failure to submit accurate sworn documents. The bankruptcy court noted that Cook's supporting documentation contained inaccuracies, that Cook provided shifting explanations for various expenses, and that his in-court testimony deviated from the documentation. The bankruptcy court also noted that these issues with the first proposed plan reflected a general lack of care. These reasons suffice to

12

support the bankruptcy court's finding that Cook did not submit his plan in good faith. On the basis of the record before the bankruptcy court, we find no clear error and affirm.

## III. Conclusion

For the reasons above, we reverse the district court's dismissal of the appeal and affirm the judgment of the bankruptcy court.

*AFFIRMED*

13